UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAFAEL LIMA AND JAVIER GRACE<br>　　　Plaintiffs, | CIVIL ACTION NO.: |
| vs. | SECTION: |
| RANGER ENVIRONMENTAL SERVICES, LLC | MAGISTRATE: |
| 　　　Defendants. | |

**COLLECTIVE ACTION COMPLAINT**

NOW INTO COURT through undersigned counsel, come Plaintiffs, Rafael Lima and Javier Grace (collectively "Plaintiffs"), who, on behalf of themselves and all other similarly employed persons, seek to assert collective action claims for unpaid overtime against Defendant, Ranger Environmental Services, LLC ("Defendant"), as well as individual claims for retaliatory termination, representing as follows:

**JURISDICTION**

1.　Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §201, *et seq*., ( "FLSA") to recover unpaid overtime wages, an equal amount as liquidated damages, pre-judgment interest, and reasonable attorneys' fees and costs.

2.　The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## VENUE

3. Venue is proper in the Southern District of Alabama under 28 U.S.C. § 1391 because it is where Defendant is subject to personal jurisdiction, where Defendant does business in the State of Alabama, and where Defendant's registered office is located.

## PARTIES

4. Plaintiff Rafael Lima is a resident of the State of Alabama performing services for Defendants in the State of Alabama and surrounding areas.

5. Plaintiff Javier Grace is a resident of the State of Alabama performing services for Defendants in the State of Alabama and surrounding areas.

6. Defendant Ranger Environmental Services, LLC is or was an Alabama company that, during all or part of the time period set forth in the Complaint, was engaged in business in the Southern District of Alabama.

## FLSA COVERAGE ALLEGATIONS

7. All previous paragraphs are incorporated as though fully set forth herein.

8. At all times material hereto, Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA while working for Defendant and were subject to the individual coverage of the FLSA.

9. Specifically, Plaintiffs were "engaged in commerce" because they used equipment and materials in the performance of their job tasks for Defendant that originated outside the state of Alabama, including tools, machinery, gas and other equipment and materials and performed services for Defendant in states other than Alabama.

10. In addition, Defendants as a business enterprise were "engaged in commerce" within the meaning of the FLSA because they jointly operated and engaged in business

involving the receipt of objects, equipment and/or materials across state lines.

11. At all times material hereto, Plaintiffs were "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

12. Specifically, Plaintiffs were engaged in the performance of environmental cleanup for Defendant.

13. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

14. At all times material hereto, Plaintiffs were "employees" of Defendant within the meaning of FLSA.

15. Specifically, Plaintiffs performed services on contracts and projects obtained by Defendant.

16. Defendant controlled all aspects of Plaintiffs' work, including times Plaintiffs worked, where they performed their work, the services they performed and the manner in which those services were performed.

17. In addition, Defendant provided Plaintiffs with all of the equipment and materials they needed to perform their jobs for Defendant.

18. Defendant exercised complete control over Plaintiffs, and Plaintiffs were economically dependent upon Defendant.

19. Plaintiffs were not in business for themselves.

20. Plaintiffs were not independent contractors and did not have a contract to perform discrete, specialized services for Defendant or work on discrete, separate projects.

21. Defendant had the power to hire and fire Plaintiffs.

## STATEMENT OF FACTS

22.     All previous paragraphs are incorporated as though fully set forth herein.

23.     In November 2019, Plaintiff Lima was hired by Defendant.

24.     For the duration of his employment with Defendant, given the relationship between him and the Defendant and the amount of control they exercised over him, Plaintiff Lima was legally considered as Defendant's "employee."

25.     Plaintiff Lima worked for Defendant until September 10, 2020.

26.     During Plaintiff Lima's tenure with Defendant, Defendant exercised total control over the time, place and manner of his work.  He had no ability to control his schedule, the place or time he would work, or who he would be working with during the time he spent working for Defendant.

27.     Plaintiff Lima was paid by the hour at a rate of $22.50 per hour.  He was also entitled to receive a per diem of $35.00 per day when he traveled.

28.     Part of Plaintiff Lima's duties included traveling to industrial plants to perform environmental cleanup services.

29.     During times when he traveled, Plaintiff Lima generally worked between 60 to 90 hours per week for Defendant. Thus, Plaintiff Lima regularly worked well in excess of 40 hours per week for Defendants.

30.     However, during times when Plaintiff Lima worked a significantly higher number of hours per week for Defendant, Defendant regularly and routinely failed to account for all of the hours that Plaintiff Lima worked for Defendant, resulting in Defendant shortchanging his check significantly.

31. When Plaintiff Lima would complain to Defendant about the missing hours from his paycheck, Defendant would later issue him a paycheck for the hours it failed to account for, but only paid him at his straight time rate of pay for these hours, despite the fact that these hours were overtime hours and should have been paid at one and one-half times Plaintiff Lima's regular rate of pay. This continued for the entire time he was employed by Defendant.

32. In addition, while Plaintiff Lima worked for Defendant, Defendant regularly and routinely deducted the cost of uniforms, in-house training, drug testing and mad other unauthorized deductions from his pay, including during weeks that he worked overtime. These deductions were made solely for Defendant's benefit and had the direct result of reducing the amount of overtime paid to Plaintiff to below the overtime amount to which he was actually owed and legally entitled. *See* 29 CFR §531.35.

33. Documentation concerning the number of hours actually worked by Plaintiff Lima and the compensation actually paid to Plaintiff Lima is in the possession and custody and control of Defendants.

34. For the duration of his employment with Defendant, Defendant would regularly fail to pay Plaintiff Lima the agreed-upon per diem during the times that he traveled.

35. In September 2020, Plaintiff Lima again complained to Defendant and requested that his per diem be paid properly, as per his agreement with Defendant.

36. Defendant's refusal to pay this per diem directly cut into Plaintiff's overtime pay because he had to pay for these travel expenses out of pocket, in direct violation of the FLSA.

37. Rather than pay him, Defendant instead terminated Plaintiff Lima, along with his son, Plaintiff Grace.

38. In November 2019, Plaintiff Javier Grace was hired by Defendant.

39. For the duration of his employment with Defendant, given the relationship between him and the Defendant and the amount of control they exercised over him, Plaintiff Grace was legally considered as Defendant's "employee."

40. Plaintiff Grace worked for Defendant until September 10, 2020.

41. During Plaintiff Grace's tenure with Defendant, Defendant exercised total control over the time, place and manner of his work. He had no ability to control his schedule, the place or time he would work, or who he would be working with during the time he spent working for Defendant.

42. Plaintiff Grace was paid by the hour at a rate of $16.00 per hour.

43. Part of Plaintiff Grace's duties included traveling to industrial plants to perform environmental cleanup services.

44. During times when he traveled, Plaintiff Grace generally worked between 60 to 90 hours per week for Defendant. Thus, Plaintiff Grace regularly worked well in excess of 40 hours per week for Defendants.

45. However, during times when Plaintiff Grace worked a significantly higher number of hours per week for Defendant, Defendant regularly and routinely failed to account for all of the hours that Plaintiff Grace worked for Defendant, resulting in Defendant shortchanging his check significantly.

46. When Plaintiff Grace would complain to Defendant about the missing hours from his paycheck, Defendant would later issue him a paycheck for the hours it failed to

account for, but only paid him at his straight time rate of pay for these hours, despite the fact that these hours were overtime hours and should have been paid at one and one-half times Plaintiff Grace's regular rate of pay. This continued for the entire time he was employed by Defendant.

47. In addition, while Plaintiff Grace worked for Defendant, Defendant regularly and routinely deducted the cost of uniforms, in-house training, drug testing and mad other unauthorized deductions from his pay, including during weeks that he worked overtime. These deductions were made solely for Defendant's benefit and had the direct result of reducing the amount of overtime paid to Plaintiff to below the overtime amount to which he was actually owed and legally entitled. *See* 29 CFR §531.35.

48. Documentation concerning the number of hours actually worked by Plaintiff Grace and the compensation actually paid to Plaintiff Grace is in the possession and custody and control of Defendants.

49. Plaintiff Grace is Plaintiff Lima's son. When Plaintiff Lima attempted to exercise his right to be paid properly in accordance with the FLSA, Defendant retaliated against Plaintiff Lima by terminating Plaintiff Grace, along with Plaintiff Lima.

50. Thus, Defendant has violated the FLSA in that:

    a. Plaintiffs (and the putative collective action class plaintiffs) worked in excess of forty (40) hours per week during their periods of employment with Defendant throughout the time they were employed by Defendant;

    b. No payments, or provisions for payment, have been made by Defendant to properly compensate any of the Plaintiffs (and the putative collective action class plaintiffs) at the statutory rate of one and one-half times their regular rate for those hours

worked in excess of forty (40) hours per work week as provided by the FLSA;

    c.    Defendant has failed to maintain proper time records as mandated by the FLSA; and

    d.    Defendant acted to retaliate against Plaintiffs for exercising their rights under the FLSA.

51. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

52. Specifically, Defendant had in place a system of payment that did not take into account the number of hours Plaintiffs worked each workweek and did not take steps to track or pay Plaintiffs for any hours worked in excess of 40 per week, despite the fact that Plaintiffs were clearly not exempt from the provisions of the FLSA.

53. In addition, Defendant deliberately retaliated against Plaintiffs for exercising their rights under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS.

54. All previous paragraphs are incorporated as though fully set forth herein.

55. Plaintiffs bring this FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of two classes: the Straight Time for Overtime Class and the Unlawful Deductions Class.

56. Though it is quite likely that the persons who comprise these classes may significantly overlap, Plaintiffs believe that it will aid the Court and streamline this process by delineating the two separate classes.

57. **The Straight Time for Overtime Class:**

    a. Plaintiffs define the Straight Time for Overtime Class as: "All persons, who, since January 2018, previously worked or currently work for Defendant,

worked more than 40 hours per week for Defendant, but were not paid overtime for all hours worked in excess of 40 per week due to Defendant's failure to pay them for missing or uncounted hours at their overtime rate of pay, all in direct violation of the FLSA."

b. Plaintiffs assert the Straight Time for Overtime Class under the FLSA to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and damages owed to Plaintiffs and all similarly situated employees of Defendant.

c. Plaintiffs estimate that there are dozens, if not hundreds, of members comprising the Straight Time for Overtime Class, who have been affected by Defendant's failure to issue paychecks for unpaid hours at one and one-half times their rate of pay, even though those hours should have been initially paid as overtime hours.

d. Plaintiffs' estimate that potential members of the Straight Time for Overtime Class number in the dozens is based upon the number of current employees of Defendant, the number of work locations maintained by Defendant, the Defendant's treatment of all of its employees in the same manner, and the turnover rate of Defendant's employees in the last three years.  It would be impractical to join all of those employees and former employees in this action.

e. The precise number of members of the Straight Time for Overtime Class can be easily identified and located using Defendant's timesheets, payroll, time records and other personnel records.

 f. Given the composition and size of the Straight Time for Overtime Class and the potential that many members may be transient, potential opt-in class members may be informed of the pendency of this Class by direct mail and text messaging.

 g. This action is properly maintained as a collective action because Plaintiffs are similarly situated to the collective action members they seek to represent in that:

   i. Plaintiffs and similarly situated employees worked for Defendant in their environmental cleanup services business and were subject to the same job scheduling policies, payment practices, and operational procedures. Additionally, Defendant's willful policy or practice, whereby they have failed to pay these employees federally-mandated overtime wages for all hours worked in excess of 40 per week has affected Plaintiffs and similarly situated employees in the same fashion.

   ii. Plaintiffs are personally aware that other persons who worked for Defendant were subject to these same job scheduling policies, payment practices and operational procedures. Additionally, Defendant's willful policy or practice, whereby they have failed to pay these employees overtime wages for all hours worked in excess of 40 per week has affected Plaintiffs and the similarly situated employees of Defendant in the same fashion.

      iii. Although the number of hours worked by each of the Plaintiffs and Straight Time for Overtime Plaintiffs may differ, the payment scheme of paying workers who were not initially paid for all hours that they worked the missing hours at their straight time rate of pay, regardless of how many hours that they worked, thereby failing to pay overtime wages for those who worked in excess of 40 hours per week is common to all persons who worked for Defendant and the hours each employee worked should be readily determinable by review of Defendant's records.

      iv. Accordingly, Plaintiffs are in the best position to represent all members of the Straight Time for Overtime collective class as a whole.

h. In addition, because Defendant applied the Straight Time for Overtime payment policy in the same manner to all potential members of the Straight Time for Overtime Plaintiffs, common issues of law and fact predominate, and therefore pursuing this matter as a collective action serves as the most expeditious use of the court's time and resources, as well as avoiding multiple actions on these issues, with the potential for differing or inconsistent judgments.

i. Plaintiffs request that the Court authorize notice to the Straight Time for Overtime Collective Plaintiffs to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation and liquidated damages under the FLSA.

58. **<u>The Unlawful Deductions Class:</u>**

   a. Plaintiffs define the Unlawful Deductions Class as: "All persons, who, since January 2018, previously worked or currently work for Defendant and had deductions for uniforms, in-house training, drug testing and other unlawful deductions taken from their pay during weeks when they worked overtime, thereby depriving them of all overtime to which they were legally entitled in direct violation of the FLSA."

   b. Plaintiffs assert the Unlawful Deductions Class under the FLSA to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and damages owed to Plaintiffs and all similarly situated employees of Defendant.

   c. Plaintiffs estimate that there are dozens, if not hundreds, of members comprising the Unlawful Deductions Class, who have been affected by Defendant's taking deductions for uniforms, in-house training, drug testing and other unlawful deductions for things primarily for the benefit of Defendant, resulting in depriving the members of this class of all overtime pay which they were legally entitled to be paid.

   d. Plaintiffs' estimate that potential members of the Unlawful Deductions Class number in the dozens is based upon the number of current employees of Defendant, the number of work locations maintained by Defendant, the Defendant's treatment of all of its employees in the same manner, and the turnover rate of Defendant's employees in the last three years.  It would be impractical to join all of those employees and former employees in this action.

    e. The precise number of members of the Unlawful Deductions Class can be easily identified and located using Defendant's timesheets, payroll, time records and other personnel records.

    f. Given the composition and size of the Unlawful Deductions Class and the potential that many members may be transient, potential opt-in class members may be informed of the pendency of this Class by direct mail and text messaging.

    g. This action is properly maintained as a collective action because Plaintiffs are similarly situated to the collective action members they seek to represent in that:

        i. Plaintiffs and similarly situated employees worked for Defendant in their environmental cleanup services business and were subject to the same job scheduling policies, payment practices, and operational procedures. Additionally, Defendant's willful policy or practice, whereby they took deductions from employees' pay in violation of the overtime provisions of the FLSA has affected Plaintiffs and similarly situated employees in the same fashion.

        ii. Plaintiffs are personally aware that other persons who worked for Defendant were subject to these same job payment practices and operational procedures. Additionally, Defendant's willful policy or practice, deprived these employees of all overtime wages owed to them for all hours worked in excess of 40 per week has affected

        Plaintiffs and the similarly situated employees of Defendant in the same fashion.

    iii. Although the number of hours worked by each of the Plaintiffs and Unlawful Deductions Collective Plaintiffs may differ, the payment scheme is common to all persons who worked for Defendant and the hours each employee worked should be readily determinable by review of Defendant's records.

    iv. Accordingly, Plaintiffs are in the best position to represent all members of the Unlawful Deductions collective class as a whole.

h. In addition, because Defendant applied the Unlawful Deductions payment policy in the same manner to all potential members of the Unlawful Deductions Class, common issues of law and fact predominate, and therefore pursuing this matter as a collective action serves as the most expeditious use of the court's time and resources, as well as avoiding multiple actions on these issues, with the potential for differing or inconsistent judgments.

i. Plaintiffs request that the Court authorize notice to the Unlawful Deductions Collective Plaintiffs to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation and liquidated damages under the FLSA.

## CAUSES OF ACTION

### COUNT I:  COLLECTIVE ACTION CLAIM FAILRUE TO PAY OVERTIME IN VIOLATION OF THE FLSA: STRAIGHT TIME FOR OVERTIME

59. Plaintiffs re-allege and re-aver all previous paragraphs of the Complaint as if fully set forth herein.

60. During all time periods relevant hereto, Plaintiffs and the Straight Time for Overtime Class plaintiffs worked in excess of forty (40) hours per week for Defendant, but Plaintiffs and the Straight Time for Overtime Class plaintiffs were not compensated at the statutory rate of one and one-half times their regular rate of pay for these overtime hours.

61. Plaintiffs and the Straight Time for Overtime Class plaintiffs were, and are, entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours.

62. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiffs (and the putative collective action class plaintiffs) as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

63. At all times material hereto, Defendant failed to maintain proper time records as mandated by the FLSA.

64. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs and the Straight Time for Overtime Class plaintiffs at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was and is due.

65. Defendant has failed to properly disclose or apprise Plaintiffs and the Straight Time for Overtime Class plaintiffs of their rights under the FLSA.

66. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiffs and the Straight Time for Overtime Class plaintiffs suffered lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

67. Plaintiffs and the Straight Time for Overtime Class plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

### COUNT II: COLLECTIVE ACTION CLAIM FOR FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA: UNLAWFUL DEDUCTIONS

68. Plaintiffs re-allege and re-aver all previous paragraphs of the Complaint as if fully set forth herein.

69. While working for Defendant, Defendant made a series of deductions from Plaintiffs' and the Unlawful Deduction Class plaintiffs' pay.

70. On the basis of these deductions, Plaintiffs and the Unlawful Deduction Class plaintiffs were not paid at the mandatory overtime rate for each and every hour in excess of 40 that they worked.

71. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

72. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiffs and the Unlawful Deductions Class plaintiffs as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

73. At all times material hereto, Defendant failed to maintain proper time records as mandated by the FLSA.

74. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Unlawful Deduction Class plaintiffs at the federally-mandated overtime wage rate.

75. In addition, Defendant has failed to properly disclose or apprise Plaintiffs and the Unlawful Deduction Class plaintiffs of their rights under the FLSA.

76. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiffs and the Unlawful Deduction Class plaintiffs suffered lost overtime compensation, plus liquidated damages.

77. Plaintiffs and the Unlawful Deduction Class plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT III: INDIVIDUAL CLAIMS FOR RETALIATION

78. Plaintiffs re-allege and re-aver all previous paragraphs of the Complaint as if fully set forth herein.

79. In September 2020, Plaintiff Lima complained to Defendant regarding their failure to pay him his per diem, thereby reducing his overtime in violation of the FLSA.

80. In response, Defendant retaliated against him in violation of 29 U.S.C. § 215(a)(3), in that Defendant terminated Plaintiff Lima and his son, Plaintiff Grace.

81. Defendant's termination of Plaintiff Lima and Plaintiff Grace in retaliation for attempting to exercise their rights under the FLSA has resulted in them suffering economic and emotional damages.

82. Defendant's intentional and blatant retaliation against Plaintiffs Lima and Grace is in direct violation of the FLSA, which expressly prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter..."

## ATTORNEY'S FEES

83. Plaintiffs have retained the law firms of Jackson+Jackson to represent Plaintiffs and FLSA Collective Action Plaintiffs in this litigation and have agreed to pay the firms a reasonable fee for their services.

## CONSENT

84. Plaintiffs' consent to file this Complaint is evidenced by their signatures on the FLSA Consent Forms that are attached hereto.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendant as follows:

a. Declaring, pursuant to 29 U.S.C. §§201 and 202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiffs and the FLSA Collective Action Plaintiffs all overtime compensation in the amount due them for Plaintiffs' time worked in excess of forty (40) hours per workweek;

c. Awarding Plaintiffs and the FLSA Collective Action Plaintiffs liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiffs and the FLSA Collective Action Plaintiffs reasonable

attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

  e. Awarding Plaintiffs and the FLSA Collective Action Plaintiffs pre-judgment interest and legal interest to which they are entitled; and

  f. Awarding Plaintiffs and the FLSA Collective Action Plaintiffs all other relief to which they are entitled.

            Respectfully Submitted,

            /s/ Jody Forester Jackson
            Jody Forester Jackson, ASB-1988-077J
            Attorney for Plaintiffs and the FLSA Collective
            Plaintiffs

OF COUNSEL:
Jody Forester Jackson, ASB-1988-077J
JACKSON+JACKSON
2100 Southbridge Parkway
Suite 650
Birmingham, Alabama 35209
T: (205) 414-7467
F: (888) 988-6499
E: jjackson@jackson-law.net