**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| RAFAEL LIMA AND JAVIER GRACE, )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>RANGER ENVIRONMENTAL )<br>SERVICES, LLC )<br>)<br>    Defendant. ) | CIV. ACT. NO. 1:20-cv-598-TFM-N |

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court is *Defendant's Motion for Partial Summary Judgment and Incorporated Memorandum of Law* (Doc. 50, filed 02/14/22). Having considered the motion, response, reply, the evidentiary submissions in support of the motions, the oral arguments, and the relevant law, the Court finds Defendants' motion for partial summary judgment (Doc. 50) is due to be **GRANTED** for the reasons articulated below.

### I.  PARTIES AND JURISDICTION

Plaintiffs Rafael Lima ("Lima") and Javier Grace ("Grace") (collectively, "Plaintiffs"), assert the following claims against Defendant Ranger Environmental Services, LLC ("Ranger" or "Defendant"):

- Count I: Collective Action Claim Failure to Pay Overtime in Violation of the FLSA: Straight Time for Overtime;

- Count II: Collective Action Claim for Failure to Pay Overtime in Violation of the FLSA: Unlawful Deductions;

- Count III: Individual Claims for Retaliation;

- Count IV: Individual Claim for Failure to Pay Overtime in Violation of the FLSA: Unlawful Withholdings.

*See* Doc. 47 at 14-18.

This Court has original jurisdiction over Plaintiffs' claims pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. § 201, *et seq*., ("FLSA") and the Court's jurisdiction over this controversy is based upon 29 U.S.C. § 216(b).

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background[1]

Defendant Ranger Environmental Services, a family-owned industrial cleaning and environmental services company, hired Lima as a Field Supervisor and Grace as a Field Technician at its Birmingham office in early December 2019. Docs. 50-1 at ¶¶ 2-3; 54-2 at 81, 84; 54-3 at 18; 54-4 at 18. While employed by Ranger, Lima was paid $22.5/hour and Grace was paid $16/hour for all straight time work. Doc. 50-1 at ¶ 4. Both Lima and Grace were paid at time-and-a-half of their regular rate for any overtime work. Straight time work is work up to 40 hours in a workweek, whereas overtime work is work over 40 hours a workweek. *Id.* Accordingly, Lima's gross straight time wages were $900 and Grace's straight time wages were $640 when they worked 40 hours in a week. Doc. 50-1 at ¶ 5. When Plaintiffs began working for Defendant they received and acknowledged in writing their acceptance of the terms in Ranger's Employee Handbook. Docs. 50-2 at 6; 50-3 at 5; 54-3 at 18. The Handbook contains policies regarding uniforms and the

---

[1] The Court notes that majority of the factual background is provided by Defendant's exhibits in support of its motion for partial summary judgment. Specifically, Defendant's motion for partial summary judgment (Doc. 50) is supported by 231 pages of exhibits, whereas Plaintiffs' response in opposition (Doc. 54) is supported by 30 pages of exhibits. Notwithstanding the disparity in volume, the Court draws all justifiable inferences in favor of Plaintiffs. *See Tipton v. Bergrohr GMBH–Siegen,* 965 F.2d 994, 999 (11th Cir. 1992)

employee escrow account. The uniform policy states employees are responsible for the cost of the uniforms provided to them by Ranger. Doc. 50-1 at 140. Ranger implemented a new uniform policy in March 2020, where employees received multiple sets of new uniforms that Ranger rented from a third-party provider. Doc. 50-2 at 10-12. The Plaintiffs received and acknowledged receiving this new uniform policy, which authorized Ranger to make weekly deductions of either $10 or $13 from each employee's pay to cover the costs of providing the rented uniforms. *Id.* at 38; Doc. 50-1 at ¶ 8.

The Handbook contains an Employee Escrow Account Policy that explains $15 per week will be deducted from the pay of hourly field employees during the first year of their employment and placed in an escrow account until a total of $500 is deposited. Doc. 50-1 at ¶ 9; Doc. 54-1. The policy explains that the escrow account deductions are necessary to cover the cost of providing training and certifications to new employees. Doc. 50-1 at ¶ 9. The $15/week escrow account deduction is the reasonable cost Ranger spends to provide training and certifications to new employees through TVTC Training Centers ("TVTC"), a third-party training provider. TVTC trains employees on site safety, emergency preparedness, and site-specific training that is required for employees to be able to access some of Ranger's customers' locations. Doc. 54-2 at 160-161. If an employee leaves Ranger before their one-year employment anniversary, the funds in the escrow account are used to cover the costs incurred by Ranger in providing the training and certifications. Accordingly, that employee's final paycheck includes a credit for the total amount of escrow account deductions that have been taken during the employee's employment and a deduction for the actual cost of providing the training and certifications. If an employee is employed with Ranger beyond their one-year employment anniversary, the employee is refunded the sum of the escrow account and is not responsible for the cost of the training and certifications.

Doc. 50-1 at ¶ 9. During Plaintiffs' employment at Ranger, the deductions for their uniforms and the escrow account never exceeded $50 in a single workweek. *Id.* at 42-137, Ex. 3-4.

### B. Procedural Background

Plaintiffs filed a complaint on December 16, 2020. Doc. 1. The Magistrate Judge stayed all discovery in this case on March 3, 2021, and entered the Preliminary Scheduling Order for FLSA Cases which set deadlines to answer the Court's Interrogatories, file and serve the Plaintiffs with a Verified Summary of all hours worked by the Plaintiffs during each relevant pay period, engage in a good-faith effort to settle all pending issues, file a Report Regarding Settlement, and a deadline to file a joint motion for approval of settlement if applicable. Doc. 17. Defendant filed a *Verified Summary of Hours Worked* by Plaintiffs on April 14, 2021. Doc. 19. The parties filed a series of Joint Status Reports. Docs. 22, 24, 27.

On August 3, 2021, the Magistrate Judge lifted the stay of discovery and directed the parties to complete a report as required by Federal Rule of Civil Procedure 26(f). Doc. 28. On January 19, 2022, Plaintiffs filed a motion to conditionally certify the collective action classes and an Amended Complaint. Docs. 46, 47. Plaintiffs' Amended Complaint adds an additional claim, Count IV: Individual claim for failure to pay overtime in violation of the FLSA. Doc. 47 at 18. Plaintiffs allege Defendant regularly made arbitrary and excess tax withholdings from Plaintiffs' pay that do not comport with applicable tax law. *Id.* at ¶ 48. On February 14, 2022, Defendants filed a response in opposition to Plaintiffs' motion to conditionally certify collective action classes, to which Plaintiffs filed a reply on February 22, 2022. Docs. 51, 53. Also on February 14, 2022, Defendant filed the instant motion for partial summary judgment as it relates to Count II. Doc. 50. On March 7, 2022, Plaintiffs filed a response in opposition to Defendant's partial motion for summary judgment and a correlated motion for oral argument. Docs. 54, 55. On that same date,

Plaintiffs' counsel filed a declaration that discovery is ongoing and cites this in support of Plaintiffs' argument for time to conduct additional discovery presumably pursuant to Federal Rule Civil Procedure 56(d). Doc. 54 at 16; Doc. 54-5. On March 14, 2022, Defendants filed a reply. Doc. 56. On April 11, 2022, the Court granted Plaintiffs' request for oral argument and held the hearing on May 18, 2022. Accordingly, the motion for partial summary judgement is ripe for adjudication.

### III.  STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). "[T]he substantive law will identify which facts are material." *Id*. at 248, 106 S. Ct. at 2510. At the summary judgment stage, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." *Id*. at 249, 106 S. Ct. at 2511. The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Tipton v. Bergrohr GMBH–Siegen,* 965 F.2d 994, 999 (11th Cir. 1992) (internal citations and quotations omitted). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Mize v. Jefferson City Bd. of Educ*., 93 F.3d 739, 742 (11th Cir. 1996) (citing *Hairston v. Gainesville Sun Publ'g Co*., 9 F.3d 913, 918 (11th Cir. 1993)). For factual issues to be considered genuine, they must have a real basis in the record. *Id.*

The party asking for summary judgment bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23, 106 S. Ct. at 2252. A party must support its assertion that there is no genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial. *Clemons v. Dougherty County*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)).

"When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (internal quotations omitted) (citing *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553). The court must view facts and draw all reasonable inferences in favor of the non-moving party. *Moore v. Reese*, 637 F.3d 1220, 1231 (11th Cir. 2011) (citing *Rosario v. Am. Corrective Counseling Servs., Inc.*, 506 F.3d 1039, 1043 (11th Cir. 2007)). However, to avoid summary judgment, the non-moving party "must do more

than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (citations omitted). Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likely insufficient to defeat a proper motion for summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990).

### IV.  DISCUSSION AND ANALYSIS

Defendant moves this Court to enter summary judgment against Plaintiff's Count II: Collective Action Claim for Failure to Pay Overtime in Violation of the FLSA: Unlawful Deductions. Defendant reasons that Plaintiffs' unlawful deductions claim fails as a matter of law because the $15 weekly escrow account deduction to cover the costs of required training, license, and certifications did not reduce Plaintiffs' wages below the minimum wage or reduce their overtime compensation. Accordingly, Defendant argues that there are no genuine issues of material facts as to Plaintiffs' unlawful deductions claim. The Court agrees.

In response to Defendant's motion for partial summary judgment, Plaintiffs move this Court to defer ruling on the motion and allow time to conduct additional discovery. Doc. 54 at 16. Pursuant to Federal Rule of Civil Procedure 56(d), the Court may defer ruling or allow time for additional discovery "[i]f a nonmovant shows *by affidavit or declaration* that, for specified reasons, it cannot present facts essential to justify its opposition." (emphasis added). A Rule 56(d) declaration must "'specifically demonstrate' how discovery would show a genuine issue of fact." *Burns v. Town of Palm Beach*, 999 F. 3d 1317, 1334 (11th Cir. 2021); *see also Harbert Int'l, Inc. v. James*, 157 F. 3d 1271, 1280 (11th Cir. 1998) ("A Rule 56[d] motion must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover and how

those facts would create a genuine issue of material fact precluding summary judgment."). "To invoke rule 56(d), a party may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts, but must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Burns*, 999 F.3d at 1334 (citations and quotations omitted). In the instant case, Plaintiffs' counsel filed a declaration stating Plaintiffs may need more time "to seek additional documents or conduct additional depositions on issues not yet known at this time." Doc. 54-5, Declaration of Jody Forester Jackson. This declaration falls short of complying with rule 56(d) because it fails to specifically demonstrate what facts Plaintiffs expect to discover that would create a genuine issue of material fact on the unlawful deduction claim. Accordingly, the Court finds that Plaintiffs' request is due to be denied.

The Court finds that there is no genuine issue of material fact as to whether Defendant's deductions were permissible under the FLSA. Pursuant to the FLSA, the legal standard that applies to deductions turns on whether the deduction is for an item that is classified as being "board, lodging, or other facilities." 29 U.S.C. § 203(m).[2] Specifically, Section 203(m) states that a "wage paid to any employee includes the reasonable cost, as determined by the Administrator, to the employer of furnishing such employee with board, lodging, or other facilities, if such board,

---

[2] *See* 29 C.F.R. § 531.32(a) ("'Other facilities,' as used in this section, must be something like board or lodging. The following items have been deemed to be within the meaning of the term: Meals furnished at company restaurants or cafeterias or by hospitals, hotels, or restaurants to their employees; meals, dormitory rooms, and tuition furnished by a college to its student employees; housing furnished for dwelling purposes; general merchandise furnished at company stores and commissaries (including articles of food, clothing, and household effects); fuel (including coal, kerosene, firewood, and lumber slabs), electricity, water, and gas furnished for the noncommercial personal use of the employee; transportation furnished employees between their homes and work where the travel time does not constitute hours worked compensable under the Act and the transportation is not an incident of and necessary to the employment.

lodging, or other facilities are customarily furnished by such employer to his employee." *See Ramos-Barrientos v. Bland*, 661 F.3d 587, 595 (11th Cir. 2011). "Accordingly, the employer may lawfully deduct from an employee's pay the reasonable cost of employer provided housing and meals, even if that deduction results in the employee's cash pay falling below the statutory minimum. *Id*. (internal quotations omitted).

As stated above, 29 C.F.R. § 531.32(a) defines what qualifies as "other facilities" under Section 203(m). However, 29 C.F.R. § 531.3(d)(1) provides that items primarily for the benefit or convenience of the employer do not qualify as facilities under Section 203(m). Examples of such items include "tools of the trade and other materials and services incidental to carrying on the employer's business," and "charges for rental of uniforms where the nature of the business requires the employee wear a uniform." *See* §§ 531.3(d)(2); 531.32(c). In Defendant's motion for partial summary judgment, Ranger contends that whether a deduction is for an item that qualifies as a "facility" under Section 203(m) only matters if the deduction causes the employee's pay to fall below the minimum wage. Defendant reasons that deductions may be made for Section 203(m) facilities "even if that deduction results in the employee's cash pay falling below the statutory minimum." *Ramos-Barrientos*, 661 F.3d at 595. However, pursuant to 29 C.F.R. § 531.35, deductions for items that do not qualify as Section 203(m) facilities may not "cut into the minimum or overtime wages required to be paid under the [FLSA]." In other words, deductions may not cause the employee's pay to fall below the minimum wage or reduce any overtime compensation that is due.

Pursuant to 29 C.F.R. § 531.37(a), Ranger could make deductions "on the same basis" in an overtime work week where Plaintiffs worked more than 40 hours in a week, provided that the amount deducted did not exceed the amount that could be deducted in a non-overtime week where

Plaintiffs only worked 40 hours in a week. Here, the evidence supports Defendant's contention that the deductions did not exceed the amount that could be deducted from Plaintiffs' pay for a 40 hour work week. As stated above, it is undisputed that Plaintiffs provided written authorization for Ranger to make deductions from their pay for the cost of Plaintiffs' uniforms and training certifications. Doc. 50-1 at ¶ 8; Doc. 50-2 at 38.

Plaintiffs filed this suit against Defendants under the collective action provisions of the FLSA. Plaintiffs allege that Defendant's policy of mandating $15 be deducted from employees' paychecks and held in an escrow account to cover the cost of licenses, training, certificates, and other miscellaneous items violates the overtime provisions of the FLSA when applied to employees who work more than 40 hours per week. Plaintiffs reason that Defendants' policy deprives the employees of their overtime pay. In response to Defendant's motion for partial summary judgment, Plaintiffs contend that the motion should be denied. Plaintiffs reason that Defendant's policy violates Sections 531.35 and 778.315 of the FLSA because an employer may not deduct its business expenses from its hourly employee's pay so that it reduces the employee's pay to an amount below compensation for all straight time hours worked in excess of 40 hours per week at the employee's overtime rate of pay. Specifically, Plaintiffs argue that the deductions constitute illegal kickbacks under 29 C.F.R. § 531.35, which relates to deductions taken from employee's pay for non-Section 203(m) items such as tools of the trade required to perform the job. Plaintiffs' argument fails because the deductions at issue did not cause Plaintiffs' pay to fall below the minimum wage of $7.25 per hour in any week or reduce their overtime compensation. *See Lira v. Arrow Air., Inc.*, Civ. Act. No. 05-23273, 2006 WL8433511, at *2, 2006 U.S. Dist. LEXIS 94935, at *5 (S.D. Fla. Apr. 18, 2006) (finding that deductions for uniforms did not violate

the FLSA because the plaintiff's wages were always above the minimum wage for all hours worked). Plaintiffs here in the instant case were paid above the minimum wage.

Defendant contends that Plaintiffs' straight time wage exceeded the amount they would have been due if they were paid at the minimum wage rate of $7.25 per hour. In a 40 hour work week at a minimum wage rate of $7.25/hour, Plaintiffs would have been entitled to a gross pay of $290/week (i.e. $7.25 x 40 = $290). Here, Plaintiffs were paid at an hourly rate well over the federal minimum wage of $7.25. Lima was paid $22.5/hour and Grace was paid $16/hour for all straight time work. At these rates, in a 40 hour work week Lima received a gross pay of $900/week (i.e. $22.5 x 40 = $900) and Grace received a gross pay of $640/week (i.e. $16 x 40 = $640). Accordingly, Lima's weekly pay exceeded the minimum wage weekly pay by $610 (i.e. $900 - $290 = $610) and Grace's weekly pay exceeded the minimum wage weekly pay by $350 (i.e. $640 - $290 = $350). Therefore, Plaintiffs' pay for straight time work had a $610 and $350 buffer from which deductions could be made without reducing Plaintiffs' pay below the minimum wage and without reducing any overtime compensation. It follows that there is no genuine issue of material fact as to whether Ranger's policy violates FLSA. The Court finds that Defendant's motion for partial summary judgment is due to be granted.

## V.   CONCLUSION

Based on the foregoing discussion and analysis, the Court **GRANTS** Defendants' motion for partial summary judgment (Doc. 50) which applies to Count II only.

As this opinion appears to impact the proposed class from Plaintiffs, the Court finds it appropriate to **DENY without prejudice and leave to refile** Plaintiffs' Motion to Conditionally Certify Collective Action Classes (Doc. 46) taking into account only the remaining claims. Plaintiffs must refile said motion no later than **August 23, 2022**.

**DONE** and **ORDERED** this the 2nd day of August 2022.

                                         s/Terry F. Moorer
                                        TERRY F. MOORER
                                        UNITED STATES DISTRICT JUDGE

Case 1:20-cv-00598-TFM-N   Document 63   Filed 08/02/22   Page 12 of 12   PageID #: 1396