## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

RAFAEL LIMA AND JAVIER      )
GRACE,                       )
                             )
    Plaintiffs,              )
                             )
v.                           )       CIVIL ACTION NO.
                             )       1:20-CV-00598-TFM-M
RANGER ENVIRONMENTAL         )
SERVICES, LLC,               )
                             )
    Defendant.               )

## JOINT MOTION TO APPROVE AMENDED SETTLEMENT

**COME NOW** Plaintiffs Rafael Lima ("Lima") and Javier Grace ("Grace") (collectively "Plaintiffs") and Defendant Ranger Environmental Services, LLC ("Ranger") (jointly "Parties"), and, pursuant to this Court's November 2, 2023 Order (Doc. 74),  jointly move this Court to approve the amended settlement of Plaintiffs' Fair Labor Standards Act ("FLSA") claims and dismiss this case with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. In support of this motion, the Parties show unto the Court the following:

### Introduction and Procedural Posture

1.    Plaintiffs filed this suit alleging retaliatory discharge and violations of the FLSA's overtime pay requirements. Defendant denies liability, denies that it violated the FLSA, denies that either Plaintiff was discharged, and contends it

overpaid Plaintiffs. The Parties successfully mediated this matter on April 11, 2023. Following that mediation, counsel for the Parties negotiated a settlement agreement and, on July 12, 2023, filed a Joint Motion to Approve Settlement (Doc. 72).

2.      On November 2, 2023, the Court entered its memorandum opinion and order (Doc. 74) denying the joint motion to approve settlement. The Court's denial of the motion was based on "the overbreadth of certain terms" and held that "a compromise of a FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." (Doc. 74 at ¶¶ 1 & 5.)[1] At the parties' request, the Court held a hearing to further address what provisions would be acceptable in a release.

### Amended Settlement Agreement and Release

3.      Following the entry of this Court's Order, the Parties have reviewed the Settlement Agreement and revised it to address the Court's concerns about the pervasive release. Accordingly, the Parties seek this Court's approval of their amended agreement as memorialized in the Settlement Agreement attached as Exhibit A.

---

[1] The Court agreed with the Parties' assessments of the strengths and weaknesses of the case and found that the amounts of the of the settlement and the requested attorneys fees were reasonable under the circumstances of this case. (Doc. 74 at ¶3.) Given the Court's approval of those terms and determination that the other provisions of the compromise are reasonable, to conserve judicial resources the Parties readopt and incorporate all factual statements and arguments made in their prior Joint Motion and, in this motion, will address only the portions of the Settlement Agreement of which the Court disapproved.

4.    Each plaintiff has signed an amended Settlement Agreement and Release as to his claims.

5.    When assessing proposed settlements of FLSA claims, District Courts in the Eleventh Circuit have followed the standards laid out in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353.

6.    As the amended settlement agreement removes the general release language and addresses the Court's concerns regarding general releases, the amended settlement is fair and reasonable given the facts of the case. *Lynn's Food Stores, Inc.*, 679 F.2d. at 1353-54.

## Conclusion

The Parties stipulate that this action is due to be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41. In light of the foregoing, the Parties respectfully request that this Court enter an Order approving the settlement of Plaintiffs' FLSA claims and dismissing the above-captioned action, with prejudice, on the Parties' Joint Motion, with costs taxed as paid.

Respectfully submitted,

*/s/ William Stevenson*
Carter H. Dukes
William E. Stevenson
*Attorneys for Defendant*
*Ranger Environmental Services, LLC*

**OF COUNSEL:**
SCOTT DUKES & GEISLER, P.C.
211 22nd Street North
Birmingham, Alabama 35203
Telephone: (205) 251-2300
Facsimile: (205) 251-6773
Email:       cdukes@scottdukeslaw.com
              wstevenson@scottdukeslaw.com

*/s/ Mary Bubbett Jackson* (w/consent)
Jody Forester Jackson, Esq.
Mary Bubbett Jackson, Esq.
*Attorneys for Plaintiffs*

**OF COUNSEL:**
Jackson and Jackson
2100 Southbridge Pkwy
Suite 650
Birmingham, Alabama 35209