UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RAFAEL LIMA AND JAVIER GRACE, )
)
    Plaintiffs, )
)
v. ) CIV. ACT. NO. 1:20-cv-598-TFM-N
)
RANGER ENVIRONMENTAL )
SERVICES, LLC )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

On December 29, 2023, the parties filed their *Joint Motion to Approve Amended Settlement* (Doc. 78) which includes a settlement agreement between the named Plaintiffs and Defendant. For the reasons discussed below, the motion is **GRANTED** and the settlement is approved.

### I. APPLICABLE LAW

This case is a Fair Labor Standards Act ("FLSA") case which is brought by these plaintiffs as a proposed collective action. As such, a "joint motion for approval [is] necessary because, unlike most claims, a FLSA claim can only be settled by (1) a payment supervised by the Department of Labor under 29 U.S.C. § 216(c) or (2) by a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Padilla v. Smith*, 53 F.4th 1303, 1308 n. 8 (11th Cir. 2022) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982) (internal quotation marks omitted)); *see also Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1306-08 (11th Cir. 2013) (stating same and applying to former employers). Evaluating the fairness of an FLSA compromise includes an assessment of: 1) the existence of fraud or collusion behind the settlement; 2) the complexity,

expense and likely duration of the litigation; 3) the stage of the proceedings and amount of discovery completed; 4) the probability of plaintiff's success on the merits; 5) the range of possible recovery; and 6) the opinions of the counsel. *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010).  Additionally, when a settlement agreement includes attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).  "[T]he parties requesting review of an FLSA compromise must provide enough information for the court to examine the bona fides of the dispute." *Dees*, 706 F.Supp.2d at 1241.

## II.     DISCUSSION AND ANALYSIS

The total settlement amount is $23,850.00 to the Settlement Fund.  This is broken down further between the two plaintiffs and their attorneys' fees/costs.  Plaintiff Lima has agreed to settle his claims for $2,550.00 -- $1,000 of this settlement is designated as wages (minus applicable payroll taxes) and $1,550 designated as compensatory and liquidated damages (not withholding taxes).  Grace has agreed to settle his claims for $4,300.00 -- $1,500 of this settlement is designated as wages (minus applicable payroll taxes) and $2,800 designated as compensatory and liquidated damages. Plaintiffs' counsel are receiving $17,000 for fees/expenses ($12,000 for attorneys' fees and $5,000 for expenses). The payments would be made within 30 days of the approval of this settlement, as well as the receipt of a completed tax forms and completed conditional payment letters from the Center for Medicare and Medicaid Services and any applicable Medicare Advantage Plan confirming that there are no Medicare liens or liens asserted by a Medicare Advantage Plan relating to medical expenses incurred by Lima relating to the damages alleged in

this matter. *See* Doc. 78-1, Settlement Agreement and Release.[1]

This settlement was negotiated at arm's length with the aid of an experienced mediator who has experience litigating wage and hour disputes. The Court is also well familiar with the strengths and weaknesses of the claims and defenses as this case was extensively briefed through the summary judgment matters which the Court ruled upon. The Court agrees with the assessment contained within the joint motion for approval of settlement as to the strengths and weaknesses for each side to include the possibility for extensive litigation costs in the future. The Court also finds the amounts reasonable.

Additionally, having reviewed the request for attorneys' fees, the Court also finds that given the current posture of the case, the amount sought is generally reasonable as counsel already reduced their amount by approximately 75% (which considering the claims dismissed by the Court on the summary judgment, is an appropriate measure).

The Court previously raised issues of overbreadth as to the prior settlement agreement. *See* Docs. 72, 72-1, 73, 74. At the parties' request, the Court also held a telephonic status conference where it was discussed that any settlement agreement should only pertain to the claims raised in this lawsuit. *See* Docs. 75, 76, 77. Only FLSA claims are raised in this lawsuit. *See* Doc. 47.

Reviewing the amended (current) settlement agreement, the Court finds that for the most part, the parties complied with the directive. *See* Doc. 78-1.[2] However, it does appear that the parties inadvertently left a small reference to EEOC type claims in paragraph 6 on pages 4-5. The

---

[1] On October 24, 2023, the parties received the letter from the Center for Medicare and Medicaid Services that there are no liens asserted by a Medicare Advantage Plan relating to medical expenses incurred by Lima. *See* Doc. 73.

[2] The Court uses the pages numbers of the settlement agreement itself and not the PDF page of the exhibit as it includes a cover page which gives it an additional page.

Court notes that it appears inadvertent because the parties carefully excised all other references to EEOC and other claims throughout the Settlement Agreement. Specifically, it states:

> 6. <u>Non-Interference and Continued Right to Participate in Agency Proceedings</u>. Nothing in this Agreement shall interfere with the Plaintiffs' right to file a charge, cooperate or participate in an investigation or proceeding conducted by the U.S. Equal Employment Opportunity Commission, the U.S. Securities and Exchange Commission, or any other federal, state, or local regulatory or law enforcement agency. ***However, Plaintiffs expressly disclaim any damages for any claim made on their behalf with respect to any proceeding with the EEOC or any state counterpart to the EEOC.*** Further, nothing in this Agreement shall prohibit Plaintiffs from seeking or obtaining a whistleblower award from the Securities and Exchange Commission pursuant to Section 21F of the Exchange Act. ***This Agreement does not include any claims that cannot by law [be] released through this Agreement, but the Parties intend that it be construed as broadly as lawfully possible.***

Doc. 78-1 at 4-5 (emphasis added). The latter part of the emphasized statement contradicts the first emphasized statement in conjunction with the changes the parties made to paragraphs 4 and 5 of the Settlement Agreement to bring them into compliance with the Court's directive. As such, the Court will approve the settlement agreement, but strike the first emphasized statement which says "[h]owever, Plaintiffs expressly disclaim any damages for any claim made on their behalf with respect to any proceeding with the EEOC or any state counterpart to the EEOC." Therefore, paragraph 6 will now read as follows to bring it into compliance:

> 6. <u>Non-Interference and Continued Right to Participate in Agency Proceedings</u>. Nothing in this Agreement shall interfere with the Plaintiffs' right to file a charge, cooperate, or participate in an investigation or proceeding conducted by the U.S. Equal Employment Opportunity Commission, the U.S. Securities and Exchange Commission, or any other federal, state, or local regulatory or law enforcement agency. Further, nothing in this Agreement shall prohibit Plaintiffs from seeking or obtaining a whistleblower award from the Securities and Exchange Commission pursuant to Section 21F of the Exchange Act. This Agreement does not include any claims that cannot by law [be] released through this Agreement, but the Parties intend that it be construed as broadly as lawfully possible.

With that change, the Court finds that the Settlement Agreement is a reasonable settlement in this FLSA case which resolves a bona fide dispute.

## IV. CONCLUSION

Based on the above, the *Joint Motion to Approve Amended Settlement* (Doc. 78) is **GRANTED,** and the settlement agreement is **APPROVED** as modified.[3] Therefore, pursuant to Fed. R. Civ. P. 41(a)(2) and the Court's authority to approve settlement agreements under FLSA, this action is **DISMISSED with prejudice**.

The Clerk of the Court is **DIRECTED** to close this case.

**DONE** and **ORDERED** this 5th day of January 2024.

                                     s/Terry F. Moorer
                                     TERRY F. MOORER
                                     UNITED STATES DISTRICT JUDGE

---

[3] If the Court's modification is not acceptable to the parties for approval of the settlement, they should file a joint motion to vacate this approval order by **January 12, 2024**.